[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals a decision of the defendant real estate commission revoking his real estate broker's license. The appeal is authorized by General Statutes4-183. The court concludes that the case must be remanded to the commission for further proceedings. CT Page 4185
The record in this case discloses the following facts, which are not in dispute. On or about December 11, 1992, the commission received notification from the United States District Court, District of Connecticut, that the plaintiff had been convicted of the crime of making and subscribing a false statement in violation of26 U.S.C. § 7206(1). The commission thereupon notified the plaintiff that it proposed to invoke the provisions of General Statutes 20-323, which provides for the forfeiture of the license of anyone convicted of one of the crimes enumerated in 20-320(8). The notice stated that a hearing would be held on the license revocation on January 7, 1993.
The plaintiff attended the hearing, represented by counsel. At the opening of the hearing, the director of the commission stated that "(i)t is being conducted according to Section 20-323, Sections 20-321 and 4-182 of the Connecticut General Statutes . . . In addition, it is necessary for the Commission to consider the provisions of 46A-80 of the Connecticut General Statutes." The director then stated that the notice to the plaintiff had informed him that he would have the opportunity to show cause why "the Commission should not revoke the license in accordance with section 20-323 of the general statutes."
Following the hearing, the commission rendered its decision. The decision states, "(t)he Connecticut Real Estate Commission concludes that Mr. John J. Lee did violate Section 20-320(8) of the Connecticut General Statutes in that this violation constituted a like offense as set forth in this statute."
The procedural history of the case, as briefly summarized above, indicates that the commission notified the plaintiff that it intended to revoke his license pursuant to 20-323 but apparently took that action, after the hearing, pursuant to a different statute, 20-320. The difference is potentially significant. Under20-323, if the commission makes the requisite findings, based on the evidence, the revocation is essentially automatic. In such a case, the provisions of 46a-80 are applicable only if and when the licensee subsequently applies for reinstatement. CT Page 4186
License revocation under 20-320(8), by contrast, is within the discretion of the commission and it is only one of several different penalties that may be imposed. Section 20-320(8) further provides that "revocation under this subdivision shall be subject to the provisions of section 46a-80." Section 46a-80 requires an agency to consider a number of factors relating to the nature of the crime and the rehabilitation of the individual before denying him a license. Subsection (c) of 46a-80
requires the agency to state its reasons for denying the license if conviction of a crime is a basis for the agency's action.
The above comparison of the two statutes makes clear that both the licensee and the commission must consider different factors in their handling of the case, depending upon which statute the commission decides to enforce. At the very least, the licensee is entitled to a course of action by the commission that is clear and unambiguous from the time it first notifies him to the time of the final decision.
In the present case, the commission appeared to commence the proceedings, via its notice to the plaintiff, in accordance with 20-323. It conducted the hearing in a manner best characterized as schizophrenic, pursuing evidence relevant to both statutes. It then rendered its final decision in ambiguous terms, but strongly suggestive of 20-320. At oral argument and in her supplemental brief to this court, counsel for the commission, conceding that the decision contained "sloppy wording," asserted that the commission meant to specify20-323 as the statutory basis for the decision. This argument merely underscores the lack of clarity in what the commission did say.
Section 4-180(c) requires that an agency's final decision in a contested case must "include the agency's findings of fact and conclusions of law necessary to its decision." In this case, the commission's failure to state explicitly the statutory basis for the revocation of the plaintiff's license violated this requirement and substantially prejudiced his rights. CT Page 4187
The plaintiff's appeal is sustained. The case is remanded to the commission for a new decision clarifying the statutory authority for its action. If the commission determines that its decision should be based on 20-320(8), the commission must first afford the plaintiff an opportunity to present additional evidence, if he wishes, relative to the factors enumerated in 46a-80. The reason for this requirement is that the commission's notice of the hearing and the director's comments at the opening of the hearing were ambiguous, at best, as to the statutory basis and criteria for the commission's proposed action. In the event the commission ultimately decides, in the exercise of its discretion, to revoke the plaintiff's license on the basis of 20-320(8), the commission's decision should set forth the reasons for its decision with specific reference to all of the factors enumerated in 46a-80. In this regard, the court agrees with the plaintiff that the cursory reference to that statute in the original decision was inadequate.
MALONEY, J.